UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS L. SPRINGS,

    Petitioner,

v.                                  Case No. 3:14cv171/MCR/CJK

UNITED STATES OF AMERICA, et al.,

    Respondents.
_____/

REPORT AND RECOMMENDATION

Petitioner Demetrius Springs, a state prisoner proceeding *pro se*, has filed a petition for writ of mandamus under 28 U.S.C. § 1361, seeking to compel the United States of America, the United States Attorney General and Assistant United States Attorney J. Ryan Love to file criminal charges against "rogue correctional staff here at Santa Rosa Correctional Institution." (Doc. 1, p. 3 ¶ 1, *see also id.*, pp. 3-4). Petitioner asserts that his petition is joined by two other prisoners (Inmate Jerome Davis and Inmate James Earl Staton); however, only petitioner Springs signed the petition. (Doc. 1, p. 4).[1]  Petitioner Springs' petition was not accompanied by the

---

[1] Had Inmate Davis and/or Inmate Staton actually joined in the petition by signing and filing it (which neither did), this action would be subject to dismissal as an impermissible multiple-prisoner-plaintiff suit. *See Hubbard v. Haley*, 262 F.3d 1194, 1195, 1198 (11th Cir. 2001) (affirming dismissal without prejudice of multiple-prisoner-plaintiff lawsuit with requirement that each prisoner file individual action accompanied by the full filing fee or an application to proceed *in forma*

filing fee or an application to proceed *in forma pauperis*. Upon review of the petition and petitioner Springs' prior litigation history, the undersigned concludes that this action should be dismissed under 28 U.S.C. § 1915(g), because petitioner is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit. The undersigned further concludes that even if petitioner Springs paid the filing fee or was allowed to proceed *in forma pauperis*, this action should be dismissed as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Dismissal under § 1915(g)

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee

---

*pauperis*, explaining: "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."); *accord Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863 (11th Cir. 2013) (affirming district court's dismissal, under *Hubbard*, of civil rights complaint in which six inmates joined their claims together in a single suit).

*Case No: 3:14cv171/MCR/CJK*

at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of the following three federal civil actions previously filed by petitioner Springs, while incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Springs v. Knight, et al.*, No. 5:08cv366/SPM/MD, 2009 WL 1292079 (N.D. Fla. May 6, 2009) (dismissing, for failure to state a claim, civil rights complaint petitioner Springs filed while incarcerated); *Springs v. Vosbrink, et al.*, No. 5:09cv5/SPM/EMT (N.D. Fla. Apr. 9, 2009) (dismissing as malicious civil rights complaint petitioner Springs filed while incarcerated); *Springs v. Sketo, et al.*, No. 5:09cv155/RS/AK, 2009 WL 1921942 (N.D. Fla. July 2, 2009) (dismissing as frivolous civil rights complaint petitioner Springs filed while incarcerated). The foregoing cases may be positively identified as having been filed by petitioner Springs, because they bear his Florida Department of Corrections' inmate number, DC# 196079.

Accordingly, petitioner Springs may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Springs' application for mandamus relief does not establish that he is under imminent danger of serious physical injury. Springs attaches a "Sworn General Affidavit" of himself and his purported co-petitioners. Springs' portion of the "Affidavit" states that he was beaten by prison officials at Santa Rosa CI on October 16, 2013, and December 11, 2013. (Doc. 1, Ex. A). This allegation, alone, does not demonstrate that Springs is presently under imminent

danger of serious physical injury. Because petitioner Springs did not pay the filing fee at the time he initiated this action, and because it plainly appears that Springs is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)

Even if petitioner Springs paid the filing fee, or even if the court were to assume, without deciding, that Springs' allegations were sufficient to bring him within the "imminent danger" exception of § 1915(g), this suit would be subject to dismissal as frivolous. *See* 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915A requires a court to review, as soon as practicable after docketing, a complaint in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss the action if it is frivolous. 28 U.S.C. § 1915A(b)(1). Similarly, the *in forma pauperis* statute, 28 U.S.C. § 1915, mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Petitioner Springs seeks, through this mandamus action, to compel the respondents (the United States, the Attorney General of the United States and AUSA Love) "to investigate and prosecute offenders (i.e., rogue staff defendants) who violate and offend (said) Federal/State Criminal Codes - Infraction." (Doc. 1, p. 3 (referencing 18 U.S.C. § 371, 18 U.S.C. § 242, and 18 U.S.C. § 1512)). Petitioner Springs asserts that he "ha[s] the 'right' to file criminal charges against all Florida Dep't. of Corr.'s Staff-Defendants involved in any and all offenses against petitioner." (Doc. 1, p. 4). Springs' argument is frivolous. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."

*Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988); *O'Berry v. State Attorneys Office*, 214 F. App'x 654, 657 (11th Cir. 2007) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against the named defendants).  Similarly, a public official or agency has no affirmative constitutional duty to a member of the public to investigate, intervene, or charge an alleged crime.  *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED on the grounds that petitioner Springs is barred by 28 U.S.C. § 1915(g) from bringing this suit and because this action is frivolous, *see* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of April, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:14cv171/MCR/CJK*